UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARRY FOX,
       Plaintiff,          CIVIL ACTION NO. 07-CV-13622-AA

 VS.                       DISTRICT JUDGE JOHN CORBETT O'MEARA

RIVERDEEP, INC., LLC,     MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
       Defendants.
                            /

**<u>OPINION AND ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION</u>**
**<u>AND</u>**
**<u>DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER</u>**
**<u>AND</u>**
**<u>GRANTING PLAINTIFF'S EMERGENCY MOTION</u>**

This matter comes before the Court on four discovery motions. The first, Defendants' Motion to Compel the Production of Documents (docket no. 34) has been withdrawn by Defendants and will be denied as moot. Defendants C*Ding and Cash have also filed a Motion to Compel Plaintiff's Deposition (docket no. 38), and Plaintiff Fox has filed a Motion for Protective Order (docket no. 44). Finally, Plaintiff has filed an Emergency Motion Regarding Deposition Scheduling and Priority of Depositions. (Docket no. 52). The Motions to Compel and for Protective Order have been fully briefed and referred to the undersigned for decision. (Docket nos. 39 & 45). The Emergency Motion has been referred also, and the Court heard oral argument on it and the other two motions on August 6, 2008. (Docket no. 53). These motions are therefore ready for ruling.

      1.      **Motion to Compel and for Protective Order**

This is a copyright infringement action. The issues presented by Defendants' Motion to Compel and Plaintiff's Motion for Protective Order are whether Plaintiff, who resides in Israel,

should be required to attend his deposition in Ann Arbor, Michigan, and whether sanctions should be imposed for Plaintiff's failure to appear for his properly noticed deposition on June 24, 2008. (Docket nos. 38, 44). In arguing that he should not be compelled to travel from Israel to Michigan for his deposition in this matter, Plaintiff relies primarily on *Rehau, Inc. v. Colortech, Inc.*, 145 F.R.D. 444 (W.D. Mich. 1993). In *Rehau*, the court followed the reasoning of *Jahr v. IU Int'l Corp.*, 109 F.R.D. 429 (M.D.N.C. 1986) in concluding that upon giving a legitimate reason for taking a deposition telephonically, the moving party need not further show an extraordinary need for the deposition. Rather, the burden is on the opposing party to establish why the deposition should not be conducted telephonically. *Rehau, Inc.*, 145 F.R.D. at 446-47.

The *Rehau* court, and for that matter the *Jahr* court, did not mention that the party in those actions requesting the telephonic deposition had failed to timely file a motion for protective order. Plaintiff in the present action filed his Motion for Protective Order on July 18, 2008, three and a half weeks after the time for his scheduled deposition, and two and a half weeks after the filing of Defendants' Motion to Compel on July 1, 2008. A motion for protective order is not timely if filed after the scheduled deposition date. *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 413 (M.D.N.C. 1991); *In re Air Crash Disaster at Detroit, Metro. Airport*, 130 F.R.D. 627, 630 (E.D. Mich. 1989). Moreover, failure to seek judicial relief prior to the date of deposition precludes later objection such as in a motion for protective order. *In re Air Crash Disaster*, 130 F.R.D. at 630.

Failure to timely request a protective order may be excused for good cause. *Brittain*, 136 F.R.D. at 413. However, Plaintiff has failed to show good cause for his default. During oral argument Plaintiff's counsel stated that Plaintiff took no action after notice was given for the June 24, 2008 deposition because he did not believe that the deposition would go forward on that date.

2

However, Plaintiff's counsel failed to cite any reasonable grounds for this belief. The burden was therefore on Plaintiff to take some action in response to the deposition notice. Having taken no such action, and having failed to show good cause for this failure, he may not now object to his deposition in Michigan. *See In re Air Crash Disaster*, 130 F.R.D. at 630.

Accordingly, Plaintiff's Motion for Protective Order will be denied, and Defendants' Motion to Compel Plaintiff's Deposition to be held in Michigan will be granted. Given the substantial expense that Plaintiff will bear in appearing for this deposition, the fact that no court reporter appeared in person for the June 24, 2008 deposition, and the general rule favoring telephonic depositions that might have resulted in a different outcome on these motions had Plaintiff timely filed his Motion for Protective Order, the Court declines to award sanctions as a result of Plaintiff's failure to appear on June 24, 2008.

2.      **Plaintiff's Emergency Motion**

Plaintiff moves for the Court to require that Mr. Richardson's and Wall Street Production's deposition take place on a date that the witness and all involved counsel are available for a full deposition day, and that Plaintiff's priority in taking the deposition, based on Plaintiff's priority in serving a subpoena on these entities, be recognized. (Docket no. 52). Plaintiff subpoenaed these third-parties to this litigation on July 29, 2008 for the deposition to be taken on August 7, 2008. Counsel for Defendant Riverdeep thereafter served Plaintiff's counsel with a Notice of Deposition for Mr. Richardson to take place on August 6, 2008. Scheduling problems then arose as well as a dispute over whether Plaintiff or Defendants should have priority in taking the deposition.

The Court discussed the matter with counsel for Plaintiff and Defendants at oral argument. The parties agreed to reschedule the deposition of Mr. Richardson and Wall Street Production for

3

August 22, 2008 beginning at 9:00 a.m. at the offices of Jaffe, Raitt, Heuer & Weiss, P.C. in Southfield, Michigan. The subpoena served on Mr. Richardson and Wall Street Productions remains in effect for this date. Because he served his subpoena first, Plaintiff has priority in taking this deposition. Plaintiff's Emergency Motion will therefore be granted to this extent.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel the Production of Documents (docket no. 34) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel Plaintiff's Deposition (docket no. 38) is **GRANTED** to the extent that the parties shall arrange a mutually convenient date for Plaintiff to appear in Ann Arbor, Michigan for his deposition, such deposition to take place on or before August 27, 2008, and is otherwise **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Protective Order (docket no. 44) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion (docket no. 52) is **GRANTED** to the extent that he will have priority in the deposition of Mr. Richardson and Wall Street Productions which will be taken on August 22, 2008 in Southfield, Michigan beginning at 9:00 a.m. pursuant to the subpoena served on those non-parties on July 29, 2008.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: August 07, 2008                s/ Mona K. Majzoub
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: August 07, 2008                s/ Lisa C. Bartlett
                                      Courtroom Deputy