UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARRY FOX,
         Plaintiff,

v

RIVERDEEP, INC., LLC., BARBARA CASH, C*DING, LLC, and WALL STREET PRODUCTIONS, LTD.,
         Defendants
_____/

Case No: 5:07cv13622
Hon. John Corbett O'Meara

**STEVEN A. SIMAN** (P20480)
Steven A. Siman, P.C.
Attorneys for Plaintiff
3250 W. Big Beaver, Suite 344
Troy, Michigan 48084-2902
(248) 643-4700

**KENNETH I. KOHN** (P35170)
Co-Counsel for Plaintiff
30500 Northwestern Hwy., Suite 410
Farmington Hills, MI 48334
(248) 539-5050

**PAULA K. COLBATH**
**MANNY J. CAIXEIRO**
Loeb & Loeb, LLP
Co-Counsel for Plaintiff
345 Park Avenue
New York, NY 10154

**RICHARD A. GAFFIN** (P31406)
**CATHERINE T. DOBROWITSKY** (P63245)
Miller, Canfield, Paddock and Stone, PLC
Attorneys for Defendants
150 W. Jefferson Avenue, Ste. 2500
Detroit, MI 48226
(313) 963-6420

**IRWIN B. SCHWARTZ** (BBO#548763)
Business Litigation Associates, PC
Counsel for Defendant Riverdeep Inc., LLC
400 Blue Hill Drive, Suite 2
Westwood, MA 02090

**JEFFREY G. RICHARDSON (P60184)**
Attorney Wall Street Productions Ltd.
28545 Greenfield Road, Suite 200
Southfield, MI 48076

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT RIVERDEEP INC., LLC'S MOTION FOR SUMMARY JUDGMENT

    Harry Fox, in response to Riverdeep's Motion, denies the allegations set forth for reason that the same are untrue and as more fully set forth, in detail, in its Memorandum of Law in Opposition attached hereto.

    WHEREFORE, Plaintiff prays that Defendant's Motion for Summary Judgment be denied in its entirety and that this Honorable Court award such costs and attorney fees as it shall deem just and equitable.

1

        Respectfully submitted,

        */s/ Steven A. Siman*
        Steven A. Siman
        Steven A. Siman, P.C.
        Attorney for Plaintiff
        3250 West Big Beaver Road, Suite 344
        Troy, Michigan 48084-2902
        (248) 643-4700
        sas@simanlaw.net
        P20480


        /s/ Kenneth I. Kohn
        Kenneth I. Kohn
        Kohn & Associates
        30500 Northwestern Highway, Suite 410
        Farmington Hills, MI  48334
        (248) 539-5050
        kkohn@kohnonline.com
Dated: March 10, 2009        P35170

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARRY FOX,
        Plaintiff,

v

RIVERDEEP, INC., LLC., BARBARA CASH, C*DING, LLC, and WALL STREET PRODUCTIONS, LTD.,
        Defendants
_____/

Case No: 5:07cv13622
Hon. John Corbett O'Meara

**STEVEN A. SIMAN** (P20480)
Steven A. Siman, P.C.
Attorneys for Plaintiff
3250 W. Big Beaver, Suite 344
Troy, Michigan 48084-2902
(248) 643-4700

**PAULA K. COLBATH**
**MANNY J. CAIXEIRO**
Loeb & Loeb, LLP
Co-Counsel for Plaintiff
345 Park Avenue
New York, NY 10154

**RICHARD A. GAFFIN** (P31406)
**CATHERINE T. DOBROWITSKY** (P63245)
Miller, Canfield, Paddock and Stone, PLC
Attorneys for Defendants
150 W. Jefferson Avenue, Ste. 2500
Detroit, MI 48226
(313) 963-6420

**IRWIN B. SCHWARTZ** (BBO#548763)
Business Litigation Associates, PC
Counsel for Defendant Riverdeep Inc., LLC
400 Blue Hill Drive, Suite 2
Westwood, MA 02090

**JEFFREY G. RICHARDSON** (P60184)
Attorney Wall Street Productions Ltd.
28545 Greenfield Road, Suite 200
Southfield, MI 48076

## **PLAINTIFF HARRY FOX'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT BY DEFENDANT RIVERDEEP INC., LLC**

### **Preliminary Statement**

      For the third time, Defendant Riverdeep, Inc., LLC ("Defendant Riverdeep") has moved this Court for summary judgment on the ground that Plaintiff Harry Fox's ("Plaintiff Fox") infringement claims are barred by statute of limitations for copyright infringement actions. Last December, this Court denied Defendant Riverdeep's renewed motion for summary judgment, because the Court determined that, at minimum, Defendant Riverdeep

3

had engaged and participated in the infringement of Plaintiff's copyright during the limitations period. On this basis, the court denied Defendant Riverdeep's renewed motion for summary judgment. Accordingly, Defendant Riverdeep's Motion for Summary Judgment of the First Amended Complaint ("Summary Judgment Motion") must be denied.

In the Summary Judgment Motion and accompanying brief ("Defendant Riverdeep's Br."), Riverdeep does not dispute any of the following critical facts:

    (a)    Plaintiff holds valid copyrights in the multimedia software known as Pathways Through Jerusalem (the "Pathways Work");

    (b)    Riverdeep infringed Plaintiff's copyrights; and

    (c)    Riverdeep knowingly participated in and contributed to co-defendants Barbara Cash ("Defendant Cash") and C*Ding, LLC's ("Defendant C*Ding") infringement.

Rather, Defendant Riverdeep seeks to avoid liability by focusing on its infringing activities which occurred more than three years before commencement of this action, thereby arguing Plaintiff's claims are time-barred. However, Defendant Riverdeep ignores its distinct infringing acts that occurred within the three-year limitations period, which include:

- In September 2004, re-authorizing and encouraging Defendant Cash and C*Ding LLC's ("Defendant C*Ding") reproduction and distribution of the Pathways Work, by expressly advising them that they need not take any action at all in response to Plaintiff Harry Fox's claims of copyright infringement;

- Maintaining a website that provided round-the-clock customer support for the Pathways Work; and

- Authorizing Defendant Cash (or one of her representatives) to mark the Pathways Work with copyright notices indicating that it was subject to Riverdeep's and C*Ding's (but not Plaintiff's) copyrights.

Moreover, Riverdeep has never notified Defendant Cash that it was terminating her rights under the OEM Licensing Agreement it had entered into with her.

In addition, Defendant Riverdeep should be estopped from asserting the statute of limitations defense to *any* of Plaintiff Fox's infringement claims – including those that may have accrued more than three years before the filing of the Complaint. As discussed in

4

detail below, through a series of affirmative misrepresentations designed to lull Plaintiff Fox into inaction, Defendant Riverdeep did indeed lull him into delaying the commencement of this action, and otherwise fraudulently concealed evidence that his copyright was being infringed. For the reasons set forth below, Plaintiff Fox respectfully submits that this Court must deny the Renewed Motion in its entirety.

## COUNTER-STATEMENT OF FACTS

### 1. Plaintiff Fox's Copyright in and to the Pathways Work.

Defendants do not dispute that Plaintiff Fox is the owner of the copyright in and to the Pathways Work[1]. Since 1997, Plaintiff Fox has marketed and sold the Pathways Work. [Tr. of Dep. of Estelle Cleary, ("Cleary Tr.") at 85:24-86:5] (Caixeiro Decl – Document 67, incorporated herein by reference, Ex. 2).

Defendant Riverdeep admitted in deposition that it has never owned a copyright in the Pathways Work, and has never had the authority to grant a license to manufacture, sell or use the copyright in the Pathways Work. *See* Mellor Tr. at 68:21-69:7; 85:5-87:9 (Caixeiro Decl. Ex. 4).

### 2. The OEM Agreement

Despite having no right to do so, on or about February 16, 2004, Defendant Riverdeep entered into an OEM License Agreement ("OEM Agreement") with Defendant Cash, pursuant to which Riverdeep purported to grant a license to manufacture, market and distribute, *inter alia*, the Pathways Work. OEM Agreement, 2/16/04 (CASH00001-11) (Caixeiro Decl. Ex. 8). Defendant Riverdeep induced Defendant Cash to sign the OEM Agreement by making material misrepresentations as to its ownership of the copyrights in the Pathways Work and its purported power to grant the license provided in the OEM Agreement. *See* Mellor Tr. at 85:5-87:9 (Caixeiro Decl. Ex. 4)[2]

---

[1] *See* certificate of recordation (Fox 0002-3), attached to the incorporated Declaration of Manny J. Caixeiro ("Caixeiro Decl.") as Ex. 11; Tr. of Dep. of Defendant Riverdeep's Rule 30(b)(6) witness, Kirsten Mellor ("Mellor Tr.") at 68:21-69:7 (Caixeiro Decl. Ex. 4**);** E-mail from K. Mellor to J. Richardson, 9/20/04 (CASH00263) (Caixeiro Decl. Ex. 13). Pursuant to a settlement agreement between Plaintiff Fox and The Learning Company, Inc. ("TLC"), Plaintiff Fox received all right, title and interest in the Pathways Work. *See* Assignment of Copyright, 1/28/97 (Fox0004-5) (Caixeiro Decl. Ex. 7).

[2] Defendant Riverdeep contends that it entered the OEM Agreement under a mistaken belief that it had acquired rights in the Pathways Work pursuant to an asset purchase agreement ("Asset Purchase Agreement") with TLC and Gores Technology Group. *See, e.g.*, Defendant Riverdeep's Br. at 3. However, the Asset Purchase Agreement makes absolutely no mention of the Pathways Work. *See* Mellor Tr. at 136:6-137:21 (Caixeiro Decl. Ex. 4).

### 3. Plaintiff Fox Sends Cease-and Desist Letter; Riverdeep Misrepresents its Activities

By letter dated May 27, 2004, Plaintiff Fox informed Defendant Riverdeep that it (Riverdeep) was improperly selling and/or licensing the Pathways Work.[3] [Ltr. from H. Fox to Riverdeep Inc., LLC, 5/27/04 (Fox00035) (Caixeiro Decl. Ex. 9)]. Although Defendant Riverdeep had entered the OEM Agreement in February 2004 – only three and one-half months earlier – Defendant Riverdeep responded to Plaintiff Fox in writing that it had never sold or licensed the Pathways Work to anyone.[4] **(**Ltr. from D. Reilly to H. Fox, dated 6/9/04 (Fox00337) (Caixeiro Decl. Ex. 10).

Several weeks later, Defendant Riverdeep's Vice President of Business Promotion told Plaintiff Fox's attorney that Defendant Riverdeep had, in fact, agreed to license the Pathways Work to Defendant Cash.[5] *See* Cleary Tr. at 145:4-148:5 (Caixeiro Decl. Ex. 2). Defendant Riverdeep also represented to Plaintiff Fox's attorney (albeit falsely) that Riverdeep had revoked Defendant Cash's license. *See id.* at 129:3-5, 162:21-25, 170:5-10; Tr. of Dep. of Harry Fox ("Fox Tr.") at 121:22-122:20 (Caixeiro Decl. Ex. 3). In fact, as Defendant Cash testified, to this day Defendant Riverdeep has never revoked the license or issued a loss of rights letter. Tr. of Dep. of Barbara Cash ("Cash Tr") at 21:12-22:22, 153:3-154:14 (Caixeiro Decl. Ex. 1); *see also* Tr. of Dep. of Jeffrey Richardson ("Richardson Tr.") at 168:4-16, 177:12-17 (Caixeiro Decl. Ex. 5). Based upon Riverdeep's representation that it had revoked Defendant Cash's license, Plaintiff Fox understood the issue to be resolved, and did not file a lawsuit in 2004. *See* Fox Tr. at 80:6-82:18 (Caixeiro Decl. Ex. 3); Cleary Tr. at 154:9-17 (Caixeiro Decl. Ex. 2).[6]

---

[3] In 2004, Defendant Cash audaciously requested that Plaintiff Fox's authorized distributor cease distribution in light of Cash's purported rights under the OEM Agreement. The distributor informed Estelle Cleary, Plaintiff's Fox agent and representative (who also has power of attorney over Plaintiff Fox). Cleary Tr. at 96:7012 (Caixeiro Decl. Ex. 2).

[4] Mr. Reilly wrote, "To my knowledge, Riverdeep does not, nor has not sold or licensed this product to any third party." Ltr. from D. Reilly to H. Fox, dated 6/9/04 (Fox00337) (Caixeiro Decl. Ex. 10). Both Plaintiff Fox's May 27, 2004 letter to Defendant Riverdeep and Defendant Riverdeep's June 9, 2004 response contain a typographical error identifying the Pathways Work as "Pathways To Jerusalem" rather than "Pathways Through Jerusalem." At minimum, a triable issue of fact exists as to whether Defendant Riverdeep believed "Pathways Through Jerusalem" was a different product than "Pathways To Jerusalem" at the time of Defendant Riverdeep's June 9, 2004 letter to Plaintiff Fox.

[5] Riverdeep admitted that its Vice President of Business Promotion was in contact with Mr. Fox in the summer of 2004, but does not know the content of those conversations. *See* Mellor Tr. at 50:7-51:4 (Caixeiro Tr. Ex. 4)

[6] Riverdeep and Cash's agent (Jeffrey Richardson)(see n.7, *infra*) both agreed that all parties considered the issues resolved in 2004. *See* Mellor Tr. at 158:15-25, 160:17-18; 161: 18-24 (Caixeiro Decl. Ex. 4); E-mail

### 4. Riverdeep Re-Authorizes the Infringement of Plaintiff's Copyright

In September 2004 (within the three-year limitations period), Defendant Riverdeep admitted to Jeffrey Richardson, Defendant Cash's representative,[1] that Plaintiff Fox was the true holder of intellectual property rights in the Pathways Work – yet simultaneously re-authorized Defendants Cash and C*Ding.[2] (and prospective defendant, Wall Street Productions, Ltd.'s ("WSP").[3]) to continue to manufacture and sell the Pathways Work, which they did.

By e-mail dated September 20, 2004, Kirsten Mellor of Defendant Riverdeep responded to Jeffrey Richardson's request for an "update regarding the Jerusalem negotiations" by informing him that Riverdeep was "not claiming title to the IP going forward" and that "as my information goes this will/is amicably resolved and the situation worked out for going forward." E-mail from K. Mellor to J. Richardson, 9/20/04 (CASH00263-64) (Caixeiro Decl. Ex. 13). By e-mail dated September 20, 2004, Mr. Richardson responded:

> To clarify: Riverdeep is negotiating a royalty with Harry Fox? Please explain how this royalty may be calculated and remitted (as the license agreement does not provide for any royalties). *I presume Barbara will have to do nothing except that which she is currently obligated to do under her license agreement with Riverdeep.*

E-mail from J. Richardson to K. Mellor, 9/20/04 (CASH00262-263) (Caixeiro Decl. Ex. 13) (emphasis added). By e-mail dated September 20, 2004, Ms. Mellor replied:

---

from K. Mellor to J. Richardson, 9/20/04 (CASH00263)(CAIXEIRO Decl. Ex. 13); Richardson Tr. at 155:11-16 (Caixeiro Decl. Ex. 5).

[7] Jeffrey Richardson is a lawyer admitted in Michigan and Minnesota with a practice focusing primarily on entertainment, licensing and general business issues. He is the past chair-person of the State Bar of Michigan Arts, Communications, Entertainment and Sports law Section, and as of September 2007 was the chairperson of the Right of Publicity Legislation Committee. He serves as general counsel for prospective defendant WSP. *See* Richardson Tr. at 8:15-18 (Caixeiro Decl. Ex. 5).

  Mr. Richardson also served as Defendant Cash's agent and representative in connection with the licensing of the Pathways Work, and had discussions with Defendant Riverdeep and representatives of Plaintiff Fox in 2004 and 2007 regarding Plaintiff Fox's assertion of copyrights in the Pathways Work. *See id.* at 23:21-24:1, 43:2-7, 90:19-25, 94:4-15. Mr. Richardson engaged in these conversations on Defendant Cash's behalf, and reported back to her. *Id.* at 89:6-9

[8] Defendant C*Ding is Defendant Cash's admitted alter ego for purposes of reproducing, manufacturing, marketing and selling the Pathways Work. *See, e.g.*, Cash Tr. at 8:17-9:4; 82:21- 23 (Caixeiro Decl. Ex. 1).

[9] *See* Plaintiff's Motion for Leave to Amend the Complaint [D.E. No. 58].

7

>Yes, Riverdeep would indemnify/cover those royalties and no issues nor implication for Barbara Cash. ***Barbara Cash does not need to do anything else. If it becomes necessary for any action there we will let you know asap.***

E-mail from K. Mellor to J. Richardson, 9/20/04 (CASH00262) (Caixeiro Decl. Ex. 13) (Emphasis added).

Based on Defendant Riverdeep's advice to them, Defendants Cash and C*Ding proceeded to manufacture and reproduce Plaintiff's Pathways Work. At deposition, Mr. Richardson testified that he understood Ms. Mellor's September 20, 2004 e-mail to mean that "Barbara Cash could put this out of her mind and proceed." Richardson Tr. at 92:20-93:2 (Caixeiro Decl. Ex. 5). [10]Mr. Richardson communicated the substance of Ms. Mellor's e-mails to Barbara Cash, and understood that Ms. Cash relied upon Ms. Mellor's emails in reproducing, modifying (and, eventually, marketing and selling) the Pathways Work. *See id.* at 93:6-14 ("Q. And Barbara Cash relied on your message in continuing to produce and work on the Pathways Work? . . . A. I have no knowledge that Barbara relied on my message. I would have given her the full update from Kirsten, so she would have been relying upon Kirsten."). [11]Mr. Richardson did not follow up with Riverdeep regarding Plaintiff's claims of copyright "[b]ecause the e-mail from Kirsten Mellor led me to believe that Riverdeep was dealing with it." *Id.* at 156:20-157:2.

### 5.     Riverdeep's On-Line Customer Service Support and Promotion of the Pathways Work

The OEM Agreement required Defendant Cash to "provide technical support for the [Pathways Work] to its end-users at the same level that Riverdeep currently provides to its customers that have purchased the [Pathways Work] in the retail channel." OEM Agreement at 3 (Cash 00004)(Caixeiro Decl. Ex. 8). Neither Defendant Cash nor C*Ding

---

[10] *See also* Richardson Tr. at 92:14-18 ("Q. Essentially then, Ms. Cash would continue doing what she was doing and that Riverdeep would take care of Mr. Fox's claims? ... THE WITNESS: Correct."), 155:11-16 ("Q ... As of September 2004 ... what was your understanding of how matters were left off with Fox? A. My understanding was that Riverdeep was following up with mr. Fox and taking care of those problems." (Caixeiro Decl. Ex. 5).

[11] *See also id.* at 155:24-156:5 (Q...[D]id you [in your personal capacity] rely in any way on the fact that Riverdeep told you that it would handle these matters with Fox? ... A. In my personal capacity, I would have taken it off my radar because Riverdeep was dealing with the issue."); 158:14-17 ("Q. Did you rely in any way on the assurances given by Riverdeep when you continued your work on that project? A. In as much as Ms. Cash was relying upon them to continue the project.").

provided web-based technical support for the Pathways Work. Rather, throughout the applicable limitations period, Riverdeep has provided round-the-clock, on-line customer support for the Pathways Work through a website it maintains (and which bears a Riverdeep copyright notice). *See* printout of www.support.broderbund.com/faq_list?id=389, as visited on 5/29/07 (Fox00010-11) (Caixeiro Decl. Ex. 22); Mellor Tr. at 197:12-17 (Caixeiro Decl. Ex. 4). Among other things, the website offers such customer support as guidance as to system requirements, color settings and requirements, and "General Computer Advice" (including a link to Broderbund's "Troubleshooting System").

Moreover, because Riverdeep purports to be a leading educational software company, its affiliation with the Pathways Work served to promote the infringing work to the public.

### 6. Riverdeep Directs a "Riverdeep" Copyright Notice to be Placed on Pathways Work

Under the OEM Agreement, Defendant Riverdeep had to approve any alteration or modification of the copyright notice or marking on the Pathways Work. *See* OEM Agreement Exhibit B, Section 3.1 (Cash 00006) (Caixeiro Decl. Ex. 8).[12] By e-mail dated August 17, 2004, Jeffrey Richardson (on behalf of Defendants Cash and C*Ding) requested Defendant Riverdeep's consent to a proposed copyright marking on the Pathways Work that read, "Copyright 2004 Riverdeep / BroderBund, exclusive licensor of C*Ding LLC." E-mail from J. Richardson to K. Mellor, 8/17/04 (Riverdeep00017) (Caixeiro Decl. Ex. 12).

By e-mail dated August 24, 2004, Defendant Riverdeep instructed Mr. Richardson that the version of the Pathways Work to be sold by Defendants Cash and C*Ding should bear a copyright notice that read, "Copyright 2004 Riverdeep Interactive Learning Limited, and its licensors All rights reserved Riverdeep Inc., a Limited Liability Company is the exclusive licensor of C*Ding LLC." E-mail from J. Yapo to J. Richardson, 8/24/04 (Riverdeep 00017) (Caixeiro Decl. Ex. 12).

Defendants Cash and C*Ding admit that they commenced selling an infringing

---

[12] At the time, the Pathways Work was being marketed and sold with a copyright marking that read "(c) 1995 future Vision Multimedia, a subsidiary of Future Vision Holding, inc." *See* photocoy of the back of Pathways Through Jerusalem box (Cash 00077) (Caixeiro Decl. Ex. 6). Future Vision is the company that created the Pathways Work. Fox Tr. at 17:23-18:8 (Caixeiro Decl. Ex. 3). Mr. Fox was the CEO of, and an equity holder in, Future Vision. *Id.*

9

product in September 2006. Cash Tr. at 121:7-19 (Caixeiro Decl. Ex. 1).

Beginning in 2006, the Pathways Work sold by Defendants bore the copyright notice, "© Riverdeep, Inc. and their licensors © C*Ding, 2004." Pathways Work packaging (Fox 00347- 348) (Caixeiro Decl. Ex. 14). In addition to the copyright notice on the packaging, the infringing Pathways Work has been advertised, promoted and/or sold during the limitations period with the following copyright notices:

- © Riverdeep, Inc. and their licensors © C*Ding, 2006 (*see* cover to Instruction Manual (CASH00079) (Caixeiro Decl. Ex. 15);
- © 2006 C*Ding, LLC and Riverdeep, Inc. and their licensors (*see* CDBaby.com printout, 3/8/07 (Fox349-350) (Caixeiro Decl. Ex. 17)
- © C*Ding, 2006 (*see* Biblical Archaeology Society, "Web Reviews") (FOX 00033- 34) (Caixeiro Decl. Ex. 16).

The copyright notices – variably referring to Defendants Riverdeep and C*Ding – were all utilized during the period that Defendant Riverdeep provided full customer web support for the infringing product.

7. **Plaintiff Fox Learns of New Infringing Activities in 2007 and Files the Complaint; Riverdeep Again Misrepresents Its Actions**

In or around September 2006, Defendants Cash and C*Ding sold their first copy of the Pathways Work. *See* sales list (Cash00037-44) (Caixeiro Decl. Ex. 24); Cash Tr. at 121:7-19 (Caixeiro Decl. Ex. 1). In 2007, Plaintiff Fox learned that the Pathways Work was being marketed and sold without his authorization and promptly sent cease-and-desist letters to Defendants.[13] *See* Cleary Tr. at 170:25-172:2 (Caixeiro Decl. Ex. 2); Ltr. from P. Colbath to K. Mellor, 3/20/07 (Fox 338-39) (Caixeiro Decl. Ex. 18); Ltr. from P. Colbath to B. Cash, 5/7/07 (Fox00046-47) (Caixeiro Decl. Ex. 21).

Riverdeep responded to Plaintiff Fox's cease and desist demand by denying – once again – that it had licensed or distributed the Pathways Work, and further alleging that Defendant C*Ding had misappropriated Riverdeep's name. *See* Ltr. from K. Mellor to P. Colbath, 4/11/07 (Fox 00341-42) (Caixeiro Decl. Ex. 20). Defendant Riverdeep represented

---

[13] To the user of the Pathways Work, the infringing version of the Pathways Work that was sold by Cash and C*Ding is identical to the version of the Pathways Work marketed and sold by Plaintiff Fox. *See* Richardson Tr. at 228:20-229:12 (Caixeiro Decl. Ex. 5). The only "upgrade" that Cash, C*Ding and WSP claim to have made to the Pathways Work allegedly permitted the Pathways work to run on more current computer platforms. *See, e.g., id.*

10

that it had sent cease and desist letters to Defendant C*Ding and CDBaby, a third-party. *See id.* Defendant Cash denies ever receiving such a letter. Cash Tr. at 154:8-14 (Caixeiro Decl. Ex. 1). Despite having been on notice of a potential litigation by Plaintiff's cease and desist letters, Defendant Riverdeep failed to produce copies of the subject cease and desist letters, having destroyed them (if they ever even existed).[14]

The OEM Agreement specifically granted Defendant Riverdeep the right to send Defendant Cash a "loss of rights" letter, which would notify her that any rights under the OEM Agreement had been terminated. *See* OEM Agreement at Exhibit B, Section 10.9 (Cash 00010) (Caixeiro Decl. Ex. 8). Defendant Riverdeep contends that it sent such a letter to Defendant Cash in April 2007. *See* Mellor Tr. at 104:3 to 104:6 (Caixeiro Decl. Ex. 4). Defendant Cash and Jeffrey Richardson, however, denied ever having received such a letter, and no such letter has been produced in this action.[15] *See* Cash Tr. at 21:12-22:22, 153:3-154:14 (Caixeiro Decl. Ex. 1); Richardson Tr. at 168:4-16, 177:12-17 (Caixeiro Decl. Ex. 5).

The facts are obvious: Riverdeep knew full well that versions of the Pathways Work were being marketed and sold bearing a "Riverdeep" copyright marking, and it elected to take no steps to prevent the sale of the infringing product, choosing instead to obstruct Plaintiff Fox from learning the truth.

On August 28, 2007, Plaintiff commenced this action by filing the Complaint. *See* [D.E. No. 1]. Defendants continued to market and sell the infringing Pathways Work even after the lawsuit was commenced (until September 2007). *See, e.g.,* Cash Tr. at 14:24-15:8 (Caixeiro Decl. Ex. 1).[16]

## ARGUMENT

---

[14] Riverdeep did send an e-mail to CDBaby in March 2007 requesting that CDBaby remove all references to Riverdeep in its future marketing of the Pathways Work. *See* E-mail from K. Mellor to "CD Baby," 3/27/07 (and attached e-mail string) (Riverdeep 480-81) (Caixeiro Decl. Ex. 19).

[15] Defendant Riverdeep, by and through its litigation counsel, contends that it was "unable to find" hard copies of the alleged loss of rights letter. *See* Mellor Tr. at 104:13-105:10 (Caixeiro Decl. Ex. 4); letter from I. Schwartz to S. Park and J. Richardson, 7/6/07 (Cash00385) (Caixeiro Decl. Ex. 23 ). Even if this were true, an electronic copy of a document purportedly created in April 2007 should exist on Riverdeep's computer system – yet none was produced. Defendant Riverdeep's repeated spoliation of key evidence alone compels denial of the instant motion.

[16] Pursuant to indemnification provisions in the OEM Agreement, Riverdeep has agreed to indemnify Defendant Cash's legal expenses in connection with this action (including any judgment obtained by Plaintiff Fox), and has in fact paid Defendant Cash's and Defendant C*Ding's legal fees. *See* OEM Agreement at Exh. B, §§ 7.1-7.7 (Cash 00008) (Caixeiro Decl. Ex. 8); Mellor Tr. at 88:2-19 (Caixeiro Decl. Ex. 4).

11

Summary judgment is only proper if there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Canderm Pharm., Ltd. v. Elder Pharm., Inc*, 862 F.2d 597, 601 (6th Cir. 1988). In evaluating a motion for summary judgment, all facts and any inferences that may be permissibly drawn from those facts must be viewed in the light most favorable to the non-moving party – in this case, Plaintiff Fox. *See DXS, Inc. v. Siemens Med. Sys., Inc.*, 100 F.3d 462, 467 (6th Cir. 1996) (motion for summary judgment on statute of limitations ground denied due to the existence of material issues of fact).

Defendant Riverdeep does not and cannot deny that (at minimum) material questions of fact exist as to whether it infringed Plaintiff Fox's copyright in the Pathways Work or induced and contributed to Defendants' Cash's and C*Ding's infringement. The sole basis for Riverdeep's motion is that Plaintiff's claims are barred by the statute of limitations.  They are not.

**I. PLAINTIFF FOX'S CLAIMS OF COPYRIGHT INFRINGEMENT AGAINST DEFENDANT RIVERDEEP ARE NOT BARRED BY THE STATUTE OF LIMITATIONS**

**A. Defendant Riverdeep's Infringing Acts Within the Limitations Period Preclude Summary Judgment**

In its pleadings, Defendant Riverdeep acknowledges, as it must, that each separate act of infringement is a distinct harm. *See* Def. Riverdeep's Br. at 6. Indeed, the law is clear that "[b]ecause *each act of infringement is a distinct harm*, the statute of limitation bars infringement claims that accrued more than three years before the suit was filed, but *does not preclude infringement claims that accrued within the statutory period.*" *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 390-91 (6th Cir. 2007) (claims of copyright infringement for defendant's exploitation of copyrighted work outside of the limitations period were time barred; claims arising out of exploitation within the limitations period were not time-barred) (emphasis added); *see also id.* ("a claim for copyright infringement can accrue more than once because each infringement is a distinct harm").[17]

---

[17]

See also Goldman v. Healthcare Mgmt Systems, Inc., 559 F. Supp. 2d 853, 863 (W.D. Mich. 2008) (in copyright infringement action, permitting recovery of damages "for infringements occurring on or after January 13, 2002" but denying recovery for infringements occurring before that date); *Johnson v. Radio City Prods., Inc.*, 97 Civ. 4099, 1998 U.S. Dist. LEXIS 5069, *4-5 (S.D.N.Y. Apr. 13, 1988) (Exhibit 1) (denying summary judgment on claims of infringement based on infringing actions during the limitations period).

Accordingly, even assuming *arguendo* that certain of Plaintiff's claims of copyright infringement were time barred, Riverdeep must be denied summary judgment for its infringing conduct that occurred within the limitations period.

Riverdeep's moving papers ignore all the evidence of its infringing acts and conduct within the limitations period, and rather focus nearly exclusively on the pre-August 2004 acts of infringement. *See* Def. Riverdeep's Br. at 7-8. However, discovery has established that Defendant Riverdeep committed numerous acts of infringement within the limitations period under the Copyright Act.

For instance, in September 2004 – indisputably within the limitations period – Riverdeep actively encouraged Defendants' Cash and C*Ding to continue their use of the product and assured Defendants that they would deal with any issues with Plaintiff Fox on Defendant Cash and C*Ding's behalf. Specifically, Riverdeep advised that "Barbara Cash does not need to do anything else. If it becomes necessary for any action there we will let you know asap." E-mail from K. Mellor to J. Richardson, 9/20/04 (Cash 00262) (Caixeiro Decl. Ex. 13); *see also* Counter-Statement of Facts, Section 4, *supra*. Riverdeep's statements gave the "green light" to Cash and Richardson to manufacture and reproduce (and, eventually, to market and sell) the infringing Pathways Work, and re-confirmed the validity of the OEM Agreement it had entered into with Defendant Cash (the validity of which had been called into question by the Plaintiff Fox's May 27, 2004 cease and desist letter). *See id.*

Discovery has also established another infringing act engaged in by Riverdeep within the limitation period: the maintenance of a website (which bears a Riverdeep copyright notice) to support and promote the infringing Pathways Work. *See* Counter-Statement of Facts, Section 5, *supra*. The customer support website facilitated and contributed to Defendants Cash and C*Ding's infringement by meeting the need for web-based customer support, assisting customers to use the infringing Pathways Work, and promoting the infringing Pathways Work by associating it with Riverdeep (a self-proclaimed leader in educational software).

Riverdeep committed yet a third act of infringement within the limitations period when it instructed Defendants Cash and C*Ding (through their representative, Jeffrey Richardson of WSP) to place a copyright notice on each copy of "Pathways Through

13

Jerusalem" sold that the product was subject to copyrights owned by Riverdeep and C*Ding (and not Plaintiff Fox). *See* Counter-Statement of Facts, Section 6, *supra*. Shockingly, Defendant Riverdeep admits to having destroyed any direct evidence of such instruction (*see* Pl.'s Mot. for a Finding of Spoliation of Evidence and Entry of Default Judgment Against Riverdeep Inc., LLC, dated September 5, 2008). However, it is undeniable that (a) Defendant Riverdeep's consent was required for any and all changes to the copyright markings on the Pathways Work, and (b) on August 24, 2004, Defendant Riverdeep instructed Defendants Cash and C*Ding in writing to place a very similar copyright notice on the Pathways Work, which indicated that the Pathways Work was subject to copyrights held by Defendants Riverdeep and C*Ding. *See* Counter- Statement of Facts, Section 6, *supra*.

Each of these actions by Defendant Riverdeep constitutes a distinct act of infringement within the limitations period. *See Metro-Goldwyn Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) ("One infringes contributorily by intentionally inducing or encouraging direct infringement."); *NCR Corp. v. Korala Assoc., Ltd.*, 512 F.3d 807, 816 (6th Cir. 2007) ("Secondary liability may be imposed on a defendant who does nothing more than encourage or induce another to engage in copyright infringement because secondary liability is predicated on the common law doctrine that one who knowingly participates or furthers a tortuous act is jointly and severally liable with the prime tortfeasor.") (internal quotes and citations omitted).[18]

The two cases upon which Defendant Riverdeep primarily relies in its brief are easily distinguishable, because neither case involves distinct acts of infringement within the limitations period. *See Bridgeport Music, Inc. v. Diamond Time*, Ltd., 371 F.3d 883, 890 (6th Cir. 2004) (plaintiffs "conced[ed] that Diamond Time took no actions within the limitations period); and *Bridgeport Music, Inc. v. Chrysalis Songs*, No. 3:01-CV0701, 2002 WL 33944440, *4-5 (M.D. Tenn. Oct. 23, 2002) (plaintiff's only claim of action in the limitations

---

[18] *See also Playboy Enters., Inc. v. Russ Hardenburgh, Inc.*, 982 F. Supp. 503, 514 (N.D. Ohio 1997) ("Defendants clearly induced, caused, and materially contributed to any infringing activity" by "encouraging subscribers" to electronic bulletin board to upload infringing images while having "at least constructive knowledge that infringing activity was likely to be occurring"); *Columbia Pictures Industries v. Fysh, No. 5:06-CV-37, 2007 WL 541988*, *2 (W.D. Mich. Feb. 16, 2007) (Exhibit 2) (entering judgment for plaintiff who alleged that defendant "operat[ed] [a] website which knowingly induced, caused and contributed to unauthorized reproduction and distribution of copyrighted motion pictures and television programs").

period is the failure to revoke infringing license granted outside of the limitations period). Instead, those cases involved a single infringing act that occurred outside the infringing period. *Id.* Plaintiff Fox's claims are very different: not only did Defendant Riverdeep issue an infringing license (albeit outside the relevant limitations period), here Riverdeep took separate and distinct, affirmative actions within the limitations period that materially contributed to co-Defendants Cash and C*Ding's infringement.

Riverdeep knowingly and willfully contributed to Cash's, C*Ding, and WSP's infringement of Plaintiff's copyright in the Pathways Work by, among other things, (a) providing round-the-clock customer support for the Pathways Work; (b) authorizing, approving and provided advice to Cash, C*Ding and WSP regarding the appropriate copyright markings on the Pathways Work; (c) upon receiving Plaintiff's cease-and-desist letter, encouraging and authorizing Cash, C*Ding's and WSP's continued manufacture, marketing and distribution of the Pathways Work; (d) failing to take any reasonable steps to stop Cash's, C*Ding's and WSP's infringement, such as sending a cease and desist letter or loss of rights letter to Cash, C*Ding or WSP; and (e) indemnifying Cash's legal costs and expenses incurred in defense of Plaintiff's allegations.

Riverdeep claims that maintaining a customer support website for an infringing product is not an act of contributory infringement.5 On the contrary, contributory infringement exists where a defendant maintains a website that facilitates and contributes to infringement while having knowledge of such infringement. *See Columbia Pictures Indus. v. Fysh*, No. 5:06-CV-37, 2007 WL 541988, *2 (W.D. Mich. Feb. 16, 2007) (defendant "operat[ed] [a] website which knowingly induced, caused and contributed to unauthorized reproduction and distribution of copyrighted motion pictures and television programs") (Ex. 14); *Playboy Enters., Inc. v. Russ Hardenburgh, Inc.*, 982 F. Supp. 503, 514 (N.D. Ohio 1997) ("Defendants clearly induced, caused, and materially contributed to any infringing activity" by "encouraging subscribers" to upload images on electronic bulletin board while having "at least constructive knowledge that infringing activity was likely to be occurring"). Riverdeep itself argues that "contributory infringement occurs when one, with knowledge of the infringing activity . . . materially contributes to the infringing of another." (Riverdeep Opp. [DE 65] at 6.) The Amended Complaint alleges that Riverdeep provided round-the-clock customer support for the infringing work while knowing that Plaintiff held the

15

copyrights in the Pathways Work. (*See* Am. Compl. at ¶¶ 30-31, 51-54.) Such conduct constitutes contributory infringement.[19]

Riverdeep mischaracterizes the allegations regarding its September 2004 re-authorization of Cash's infringement. It is not Riverdeep's admission that Plaintiff held the copyright in the Pathways Work that is an act of contributory infringement; it is Riverdeep's instruction that Cash could proceed with manufacturing, reproducing and modifying (and eventually, marketing and selling) the Pathways Work that is significant. Riverdeep disregards its instruction that "Barbara Cash does not need to do anything else. If it becomes necessary for any action there we will let you know asap." (*See* Mot. to Amend at Ex. 3) Riverdeep argues that the indemnification of legal fees can never constitute contributory infringement. However, it does not dispute that its September 20, 2004 re-confirmation of its obligation to pay royalties or other amounts owed to Plaintiff induced Cash's infringement.

Again, it is relevant to note that the cases that Riverdeep cites – the aforementioned *Diamond Time* and *Chrysalis* cases – simply do not stand for the principle that a defendant can escape liability for acts of infringement within the limitations period merely because some other infringing acts may be time-barred. Rather, each of those cases address infringing activities *outside of* the limitations period. [20]

### B. In Any Event, Defendant Riverdeep Should Be Estopped From Asserting the Statute of Limitations

Defendant Riverdeep's motion should be denied insofar as it relates to acts of infringement that occurred outside of the limitations period (including entering the OEM Agreement), because Defendant Riverdeep should be equitably estopped from asserting

---

[19] The law does not require a showing that the website was "purely for the benefit of Cash or otherwise to encourage infringing distribution" (Riverdeep Opp. at 8). *See id.*

[20] In *Diamond Time*, the plaintiff argued on appeal that defendants' activities outside of the limitations period materially contributed to a co-defendant's infringing activities inside the limitations period. *Diamond Time*, 371 F.3d at 890. The Court rejected plaintiffs argument on the ground that all of defendant's alleged misconduct occurred outside of the limitations period. *Id.* (Emphasis added.) *Diamond Time* does not address the situation before the Court, where the defendant has engaged in acts of contributory infringement within the limitations period. *See id.* In *Chrysalis*, plaintiff's claimed the defendant's failure during the limitations period to revoke a license granted outside of the limitations period was a continuing act of infringement. *Chrysalis*, 2002 WL 33944440 at *5. *Chrysalis* (like *Diamond Time*) says nothing about the accrual date of a claim based on separate acts of infringement that occur within the limitations period

the statute of limitations defense. A party may be equitably estopped from asserting the statute of limitations where the "defendants' misconduct after plaintiffs discovered [the infringing activity] 'lulled' them into delaying suit" and the plaintiff reasonably relies on such misconduct.[21] *Bridgeport Music, Inc. v. Boutit, Inc.*, 101 Fed. Appx. 76, 80 (6th Cir. 2004).[22] It is beyond dispute that Defendant Riverdeep lulled the Plaintiff into delaying suit through a series of intentional misrepresentations. *First*, on June 9, 2004, Defendant Riverdeep misrepresented that it had ever sold or licensed the Pathways Work. *See* Ltr. from D. Reilly to H. Fox, 6/9/04 (Caixeiro Decl. Ex. 10). *Second*, weeks later, Defendant Riverdeep misrepresented that it had revoked the OEM Agreement. *See* Cleary Tr. at 129:3-5, 162:21-25, 170:5-10 (Caixeiro Decl. Ex. 2). This is a misrepresentation that was effectively repeated in July 2007, when Riverdeep misrepresented having sent a loss of rights letter to Cash and/or C*Ding. *See* Counter-Statement of Facts, Section 7, *supra*.) *Third*, in April 2007, Riverdeep again misrepresented that it had not sold or licensed the Pathways Work, and misrepresented (again) that it had sent cease-and-desist letters to C*Ding and CDBaby. *See* Ltr. from K. Mellor to P. Colbath, 4/11/07 (Caixeiro Decl. Ex. 20).

Reasonable reliance upon each of these misrepresentations, let alone when the misrepresentations are taken together, establishes a pattern of deceptive conduct on Riverdeep's part justifying the Court's application of equitable estoppel. Pure and simple, Fox was lulled into delaying the commencement of this suit by Riverdeep. *See* Fox Tr. at 80:6-82:18 (Caixeiro Decl. Ex. 3); Cleary Tr. at 154:9-17 (Caixeiro Decl. Ex. 2).

---

[21] In addition to the line of cases regarding the "lulling" of Plaintiff into delaying suit, a defendant may separately be equitably estopped from asserting a statute of limitations defense where it has engaged in fraudulent concealment. *See Thomas v. Miller*, 489 F.3d 293, 302 (6th Cir. 2007) (elements of estoppel); *see also Tennessee Valley Author. v. United States Sec'y of Labor*, 59 Fed. Appx. 732, 736 (6th Cir. 2003) (tolling statute of limitations due to defendant's misrepresentations to the plaintiff). Here, Riverdeep's conduct raises material questions of fact as to each of the five elements of fraudulent concealment: (1) whether Riverdeep made misrepresentations to Plaintiff in 2004 and 2007, including that it had revoked Defendant Cash's license and/or issued a loss of rights letter (*see* Counter-Statement of Facts, Sections 3 & 7, *supra*); (2) whether Riverdeep knew such representations were false (*see id.*); (3) what was Riverdeep's intention when making the misrepresentations; (4) Plaintiff did not know the truth (*see id.*); and (5) as described in the text above, Plaintiff Fox detrimentally and justifiably relied on Riverdeep's representations.

[22] The plaintiff in *Boutit* could not establish reasonable reliance because defendants failed to make royalty payments that Plaintiff expected to during the limitations period. *See Boutit*, 101 Fed. Appx. at 81. Thus, the plaintiff believed royalties on sales were owed to it, yet, despite not receiving those royalties, failed to bring suit within the limitations period. In contrast, Plaintiff Fox, having believed Riverdeep Inc.'s misrepresentation that it had revoked Defendant Cash's license, had no way of knowing that his copyrights were being infringed during the limitations period (particularly because the infringing Pathways Work was not being marketed or sold at the time).

In general, whether reliance is reasonable is an issue of fact, to be determined in light of the totality of circumstances, and is not properly decided on summary judgment. *See In re Ledford*, 970 F.2d 1556, 1560 (1992); *Bass v. Janney Montgomery Scott, Inc.*, 210 F.3d 577, 590 (6th Cir. 2000). Plaintiff Fox's reliance on Defendant Riverdeep's misrepresentations was demonstrably reasonable, because no amount of diligence would have allowed him to discover the truth. The truth was exclusively in Defendants Riverdeep's and Cash's knowledge, and Plaintiff Fox had no reason to disbelieve Defendant Riverdeep, because the infringing versions of the Pathways Work had not yet been advertised or sold to the public. *See* Counter-Statement of Facts, Sections 3, 6 & 7, *supra*. Moreover, Defendant Riverdeep ensured its control over the flow of information to Mr. Fox by instructing Defendant Cash that it alone would handle Mr. Fox's claims of copyright infringement. *See* Counter-Statement of Fact, Section 4, *supra*. As a result, not only did Mr. Fox (and Ms. Cleary) reasonably believe that the issue had been resolved, so too did Defendant Cash's representative, Jeffrey Richardson. *See* Richardson Tr. at 155:11-16 (Caixeiro Decl. Ex. 5).

In addition, Defendant Riverdeep failed to retain evidence after it was put on notice of Plaintiff Fox's claim against it. Such evidence may have further supported Plaintiff Fox's claim of infringement. Defendant Riverdeep's spoliation of evidence is sufficient to defeat summary judgment. *Smith v. Sears*, No. 1:03CV189, 2006 WL 3783471, *4 n.3 (S.D. Ohio Dec. 21, 2006) (Exhibit 4).

Plaintiff incorporates herein by reference its prior Responses to Defendants' Motion for Summary Judgment, Declarations, and Exhibits.

## **CONCLUSION AND RELIEF REQUESTED**

For all of the foregoing reasons, Plaintiff respectfully submits that the Summary Judgment Motion must be denied in its entirety. Plaintiff contends that, as no new matters were raised in Defendants' pleadings that costs and attorney fees be awarded to Plaintiff.

                        Respectfully submitted,

                        */s/ Steven A. Siman*
                        Steven A. Siman
                        Steven A. Siman, P.C.
                        Attorney for Plaintiff
                        3250 West Big Beaver Road, Suite 344
                        Troy, Michigan 48084-2902
                        (248) 643-4700
                        sas@simanlaw.net
                        P20480

                        /s/ Kenneth I. Kohn
                        Kenneth I. Kohn
                        Kohn & Associates
                        30500 Northwestern Highway, Suite 410
                        Farmington Hills, MI  48334
                        (248) 539-5050
                        kkohn@kohnonline.com
Dated: March 10, 2009          P35170

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 10, 2009 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

Respectfully submitted,

                        */s/ Steven A. Siman*
                        Steven A. Siman
                        Steven A. Siman, P.C.
                        Attorney for Plaintiff
                        3250 West Big Beaver Road, Suite 344
                        Troy, Michigan 48084-2902
                        (248) 643-4700
                        sas@simanlaw.net
                        P20480