UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARRY FOX,

       Plaintiff,                      Hon. John Corbett O'Meara

v.

                                     Case No. 07-13622

RIVERDEEP, INC., *et al.*,

       Defendants.

_____/

**OPINION AND ORDER**

       Before the court are three motions, which have been fully briefed: (1) Riverdeep's

motion for summary judgment, filed February 17, 2009; (2) Plaintiff's second motion to amend

complaint, filed April 6, 2009; and (3) Riverdeep's motion to strike hearsay statements, filed

March 31, 2009.[1]   The court heard oral argument on the first two motions on May 21, 2009, and

took the matter under advisement.  With respect to the motion to strike, the court finds oral

argument unnecessary.

**BACKGROUND FACTS**

       Before the court is Riverdeep's third attempt to dismiss and Plaintiff's second motion to

amend his complaint.  The court heard seven motions in this case in November 2008, including

motions for summary judgment and to amend the complaint.  In an order dated December 16,

2008, the court denied Riverdeep's motion for summary judgment and granted Plaintiff's first

motion to amend the complaint.  The court also gave the parties some additional time for

_____

     [1] Riverdeep also filed a motion to strike Plaintiff's April 9, 2009 sur-reply.  The sur-reply
was filed without leave of court and will be stricken from the record.

discovery.  The court provided a recitation of the facts in that order that will not be repeated here.

## LAW AND ANALYSIS

### I.    Plaintiff's Motion to Amend the Complaint

After the court granted Plaintiff's first motion to amend, Plaintiff filed an amended complaint on December 18, 2008.  Plaintiff added contributory infringement claims and Wall Street Productions as a party.  Now Plaintiff has filed a second motion to amend the complaint, seeking to add trademark and conversion claims.  Plaintiff has given no reason for not pleading these claims sooner, other than the fact that he has new counsel.  Although Plaintiff asserts that no further discovery would be necessary as a result of these amendments, Defendants disagree. The final pretrial conference is scheduled for June 17, 2009, and trial is scheduled for July 7, 2009.

Pursuant to Fed. R. Civ. P. 15(a)(2), the court should "freely give leave [to amend] when justice so requires."  As the Sixth Circuit explained, "[l]eave is freely given, but courts may deny leave to amend when the amendment would be futile or cause undue delay which would result in unfair prejudice to the defendant.  The longer the delay, the less prejudice the opposing party will be required to show." Dubuc v. Green Oak Twp., 312 F.3d 736, 752 (6th Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Phelps v. McClellan, 30 F.3d 658, 662 (6th Cir. 1994)).

Under the circumstances of this case, Plaintiff's proposed amendment is too late. Plaintiff was already given an opportunity to amend (and more time for discovery) and there is no reason why these claims could not have been included at that time.  Although Plaintiff

contends that no further discovery is necessary, Defendant would reasonably require discovery regarding the basis for Plaintiff's new legal theories of recovery. It would be unfairly prejudicial to Defendants to allow the amendments so close to trial. Accordingly, the court will deny Plaintiff's second motion to amend.

## II.     **Riverdeep's Motion for Summary Judgment**

Riverdeep seeks summary judgment on two grounds: (1) Plaintiff's direct copyright infringement claim is barred by the statute of limitations; and (2) Plaintiff's contributory copyright claim fails as a matter of law.

### A.     **Direct Copyright Claim**

Plaintiff's direct copyright claim against Riverdeep is based upon Riverdeep's license of the Pathways work to Barbara Cash. It is undisputed that Fox was aware of that license as of May 27, 2004. The statute of limitations under the Copyright Act is three years. 17 U.S.C. § 507(b); Bridgeport Music, Inc. v. Diamond Time, Ltd., 371 F.3d 883, 889 (6th Cir. 2004). Fox did not file suit within three years from May 27, 2004; the complaint was filed August 27, 2007.

Fox contends that Riverdeep should be estopped from asserting the statute of limitations because he was lulled into delaying suit by Riverdeep's misconduct. See Diamond Time, 371 F.3d at 891; Bridgeport Music, Inc. v. Boutit, Inc., 2004 WL 1263388 (6th Cir. June 4, 2004). "Equitable estoppel, sometimes referred to as fraudulent concealment, is invoked in cases where the defendant takes active steps to prevent the plaintiff from suing in time, such as by hiding evidence or promising not to plead the statute of limitations." Diamond Time, 371 F.3d at 891 (citing Hentosh v. Herman M. Finch Univ., 167 F.3d 1170, 1174 (7th Cir. 1999)). To prevail on his estoppel argument, Plaintiff must show that "(1) the defendant made a definite

-3-

misrepresentation of fact, and had reason to believe that the plaintiff would rely on it; and (2) the plaintiff reasonably relied on that misrepresentation to his detriment." Boutit, 2004 WL 1263388 (citing Buttry v. General Signal Corp., 68 F.3d 1488, 1493 (2d Cir. 1995)). "To invoke equitable estoppel, a plaintiff must 'demonstrate that his ignorance is not attributable to a lack of diligence on his part.'" Diamond Time, 371 F.3d at 891 (citation omitted).

Plaintiff contends that Riverdeep made several misrepresentations. First, on June 9, 2004, Riverdeep denied that it ever sold or licensed the Pathways work. A few weeks later, however, Riverdeep did admit that it licensed Pathways to Barbara Cash. According to Plaintiff, Riverdeep then misrepresented that it had revoked Cash's license.[2] (Cash testified that she did not receive a loss of rights letter from Riverdeep.) Riverdeep apparently repeated this misrepresentation in July 2007.

Assuming that Riverdeep did misrepresent that it revoked Cash's license, Plaintiff has not shown that he reasonably relied on that misrepresentation. Plaintiff knew that he had attempted to negotiate a settlement with Riverdeep and that the parties did not reach an agreement. There is no allegation that the negotiations continued or that Riverdeep continually assured Fox that it intended to settle. Plaintiff did not exercise due diligence in preserving his rights; he apparently sought no confirmation from Riverdeep that it actually revoked Cash's license (such as a copy of the letter that Riverdeep claimed to have sent). Under these

---

[2] Fox's representative, Estelle Cleary, testified that attorney Elisha Prero told her that someone at Riverdeep told him the license was revoked. Cleary then reported this to Fox. Riverdeep has moved to strike these statements as hearsay. As discussed below, even if we assume these statements were made, Fox has not shown he has reasonably relied upon them. Accordingly, Riverdeep's motion to strike these statements is moot for the purposes of the summary judgment motion.

circumstances, Plaintiff's equitable estoppel argument must fail.  See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990) (equitable relief has been extended when "complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass" and has exercised due diligence in preserving rights); Weber v. Geffen Records, Inc., 63 F. Supp. 2d 458, 466-67 (S.D. N.Y. 1999) (no equitable estoppel because plaintiff had unreasonably relied on an "unexceptional string of empty promises" to remedy infringements and protracted negotiations to implement those promises); Netzer v. Continuity Graphic Assocs., Inc., 963 F. Supp. 1308, 1316 (S.D. N.Y. 1997) ("Equitable estoppel is applicable only in situations where demonstrated 'egregious wrongdoing' by a defendant prevents a plaintiff from bringing suit on a claim of which the plaintiff is aware.").

Accordingly, the court finds that Plaintiff's direct copyright infringement claim against Riverdeep is barred by the statute of limitations.

**B.    Contributory Copyright Claim**

Plaintiff has also asserted a contributory infringement claim against Riverdeep. Contributory infringement occurs when one, "with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another." Bridgeport Music, Inc. v. Diamond Time, 371 F.3d 883, 889 (6th Cir. 2004) (citation omitted). See also Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1170 (9th Cir. 2007) (citing Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, 545 U.S. 913 (2005)) (noting that "an actor may be contributorily liable for intentionally encouraging direct infringement if the actor knowingly takes steps that are substantially certain to result in such direct infringement.").  Riverdeep seeks dismissal of the contributory infringement claim, which was first formally pleaded in the first amended

complaint.

Plaintiff alleges three instances of contributory infringement: (1) on August 24, 2004, Riverdeep instructed Richardson to affix its copyright to the Pathways package; (2) Riverdeep maintained "website support" for the Pathways work; and (3) on September 20, 2004, Riverdeep told Cash's representative that it would take care of Fox and that she "does not need to do anything else," thus reauthorizing Cash's infringement.

As the court has previously ruled in its December 16, 2008 order, Riverdeep's alleged "website support" does not constitute contributory infringement. The court also noted that Riverdeep's instruction to affix its copyright to the Pathways package was done on August 24, 2004, which is not within the three-year limitations period. However, this issue should be viewed with another of the court's rulings in mind. The court granted Plaintiff's motion for a finding of spoliation, finding that Riverdeep "took no steps whatsoever to preserve emails or documents related to Fox's potential claim between 2004 and 2007." Order at 12. The court ruled that it would "instruct the jury that it may presume that any missing documents or categories of documents identified by Plaintiff are unfavorable to Riverdeep." Id. at 13.

The Pathways work has been advertised, promoted, or sold during the limitations period with several different copyright notices: "© Riverdeep, Inc. and their licensors © C*Ding, 2006,"

"© 2006 C*Ding LLC and Riverdeep, Inc. and their licensors," and "© C*Ding, 2006." Plaintiff argues that (1) Riverdeep's consent was required for any changes to the copyright markings on the Pathways work; (2) Riverdeep gave such consent on August 24, 2004; and (3) Riverdeep likely gave such consent to the copyright notices above during the limitations period, but

destroyed or failed to preserve the evidence.

In light of Riverdeep's spoliation of evidence and the other facts alleged by Plaintiff, the court will allow Plaintiff's contributory infringement claim based on the copyright markings to go to the jury.  To grant summary judgment in Riverdeep's favor on this claim would only reward the spoliation.

Lastly, Plaintiff contends that Riverdeep engaged in contributory infringement by instructing Richardson that Cash "need not do anything else" in response to Fox's claim of copyright ownership.  On September 20, 2004, Richardson emailed Mellor at Riverdeep to inquire about Riverdeep's negotiations with Fox.  Richardson asked: "To clarify: Riverdeep is negotiating a royalty with Harry Fox?  Please explain how this royalty may be calculated and remitted. . . . I presume Barbara will have to do nothing except that which she is currently obligated to do under her license agreement with Riverdeep."  Caixiero Decl. Ex. 13.  Mellor responded: "Yes, Riverdeep would indemnify/cover those royalties and no issues or implication for Barbara Cash.  Barbara Cash does not need to do anything else.  If it becomes necessary for any action there we will let you know asap." Id.  Richardson communicated the substance of this message to Cash.  See Richardson Tr. at 92-93, 155-158.  Apparently, Riverdeep never informed Richardson or Cash that it did not come to any agreement with Fox, and Richardson and Cash never followed up.

Plaintiff contends that Riverdeep reauthorized the license agreement at this point and encouraged Cash to continue with her plans to distribute Pathways.  As the court previously ruled in its December 16 order, Mellor's instruction that "Barbara Cash does not need to do anything else" at least raises an issue of fact with respect to whether Riverdeep intentionally

-7-

induced or materially contributed to Cash's infringement of the <u>Pathways</u> copyright.

Accordingly, the court will grant summary judgment with respect to the "website support" contributory infringement claim, but deny summary judgment with respect to the copyright markings and the "reauthorization" of the license agreement claims.

### III.   <u>Riverdeep's Motion to Strike</u>

Riverdeep has moved to strike certain hearsay statements that are relevant to Plaintiff's equitable estoppel argument.  In light of the court's ruling rejecting Plaintiff's equitable estoppel argument, Riverdeep's motion is moot at this time.  The court will deny the motion without prejudice; Riverdeep may raise the issue, if necessary, at trial.

<u>ORDER</u>

IT IS HEREBY ORDERED that Riverdeep's February 17, 2009 motion for summary judgment is GRANTED IN PART and DENIED IN PART, consistent with this opinion and order; Riverdeep's March 31, 2009 motion to strike hearsay statement's is DENIED WITHOUT PREJUDICE; Plaintiff's April 6, 2009 second motion to amend complaint is DENIED; and Riverdeep's April 10, 2009 motion to strike sur-reply is GRANTED.

s/John Corbett O'Meara
United States District Judge

Date: May 26, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 27, 2009, by electronic and/or ordinary mail.


s/William Barkholz

Case Manager